UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

No 12-CV-599 (JFB)

---

DAVID J. SAFRAN,

Petitioner,

VERSUS

SHERIFF OF SUFFOLK COUNTY,

Respondent.

---

MEMORANDUM AND ORDER
March 1, 2013

---

JOSEPH F. BIANCO, District Judge:

*Pro se* petitioner David J. Safran ("petitioner" or "Safran") brings this action pursuant to 28 U.S.C. § 2254, seeking his release from custody. For the reasons set forth below, the petition is dismissed without prejudice.

I. BACKGROUND

In the instant petition, which petitioner filed *pro se* on February 3, 2012, petitioner argues that he is being unlawfully detained and, as such, he seeks a writ of habeas corpus ordering his release.[1]

On February 7, 2011, petitioner was arrested for the illegal possession of forged license plates and, on February 8, 2011, he was charged with criminal possession of a forged instrument and with resisting arrest. (Affidavit of Michael Blakey ("Blakey Aff.") ¶ 3.) Petitioner was subsequently indicted on February 15, 2011 before a grand jury. (*Id.* ¶ 4.) Subsequent to the indictment filed in County Court, Suffolk County, various motions had been brought to the attention of the state court judge before whom petitioner would have been tried. (*Id.* ¶¶ 5-6.) On August 9, 2011, petitioner accepted a plea bargain and pled guilty to twenty-four counts of criminal possession of a forged instrument, a class D felony, and one count of resisting arrest, a class A misdemeanor. (*Id.* ¶ 11.) At his sentencing on September 20, 2011, petitioner was sentenced to an indeterminate term of imprisonment from two to four years

---

[1] Petitioner previously filed a petition for habeas corpus on May 3, 2011, which was docketed under No. 11-CV-2197 (JFB). On July 1, 2011, the Court dismissed plaintiff's petition without prejudice because plaintiff had not yet been convicted.

on each count of criminal possession of a forged instrument, and one year imprisonment on the resisting arrest count, with the sentences to be served concurrently. (*Id.* ¶ 29.)

On December 21, 2011, petitioner filed a motion to vacate, and on February 10, 2012, the Supreme Court of Suffolk County denied the motion. (*Id.* ¶¶ 30-38.)

Petitioner's state court appeal was unperfected at the time he filed this petitoin. Petitioner filed a *pro se* appellant brief with the Appellate Division, Second Department, on July 19, 2012. However, petitioner refused to execute a waiver of appellate counsel because he wants to argue his appeal in person, and therefore, his appeal was not heard by the Appellate Division. (*Id.* ¶ 39.)

By letter dated February 26, 2013, in response to an order of this Court, respondent informed this Court that petitioner's state court appeal still has not been perfected. According to respondent, the Appellate Division does not allow *pro se* litigants to argue appeals, and the Appellate Division has attempted to have the petitioner waive his right to appear because, although that right does not exist, the Appellate Division is concerned that petitioner has not fully acknowledged the consequences of continuing *pro se*. (Letter re: state appeal status, Feb. 26, 2012, ECF No. 59.) Respondent included a letter dated February 21, 2013 from the Clerk of the Appellate Division, Second Department confirming these facts. (*Id.*)

On August 22, 2012, respondent filed his motion to dismiss the petition as premature. Petitioner filed his opposition letter on August 27, 2012. Petitioner has also submitted numerous other letters to the Court regarding his case. The Court has carefully considered the submissions and arguments of the parties.

II. DISCUSSION

According to 28 U.S.C. § 2254, this Court may "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Moreover, a district court shall not review a habeas petition unless "the applicant has exhausted the remedies available in the courts of the state."[2]  28 U.S.C. § 2254(b)(1)(A).  Although a state prisoner need not petition for certiorari to the United States Supreme Court to exhaust his claims, *see Lawrence v. Florida,* 549 U.S. 327, 333 (2007), petitioner must fairly present his federal constitutional claims to the highest state court having jurisdiction over them. *See Daye v. Attorney Gen. of N.Y.,* 696 F.2d 186, 191 n.3 (2d Cir. 1982) (en banc). Exhaustion of state remedies requires that a petitioner "fairly present federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry,* 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor,* 404 U.S. 270, 275 (1971) (quotation marks omitted)). However, "it is not sufficient merely that the federal habeas applicant has been through

---

[2] An exception to the exhaustion rule exists, if "there is an absence of available State corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i), (ii). Here, there is no evidence that there is an absence of available state corrective process, nor is there any evidence that circumstances exist in state court that render such process ineffective to protect petitioner's rights. In fact, petitioner has the opportunity for his appeal to be heard by the Appellate Division and continually refuses to follow the Appellate Division's rules so that his appeal may be heard.

the state courts." *Picard,* 404 U.S. at 275-76. On the contrary, to provide the State with the necessary "opportunity," the prisoner must "fairly present" his claim in each appropriate state court (including a state's highest court with powers of discretionary review), alerting that court to the federal nature of the claim and "giv[ing] the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999); *see also Duncan,* 513 U.S. at 365-66.

Here, it is apparent that petitioner has not exhausted his state court remedies. Petitioner's case has not yet been heard by the Appellate Division because he refuses to abide by that Court's rules for proceeding *pro se*. In other words, petitioner has not presented his federal constitutional claims to the highest state court. Accordingly, the Court concludes that petitioner fails to state a claim upon which relief may be granted under § 2254, and, thus, the petition is dismissed without prejudice as premature. *See, e.g.*, *Rivers v. Immigration*, 07-CV-865, 2010 WL 300369, at *3 (E.D.N.Y. Jan. 20, 2010) ("[N]othing in the record establishes that Petitioner appealed his plea to the Appellate Division, let alone the Court of Appeals. Accordingly, this petition must be dismissed for failure to exhaust state court remedies."); *Auyeung v. David*, 00-CIV-1353, 2000 WL 1877036, at *1-3 (S.D.N.Y. Dec. 26, 2000) (dismissing *habeas corpus* petition without prejudice when petitioner had failed to present his claims to the state courts on direct appeal but still had the opportunity to do so).

III. CONCLUSION

For the foregoing reasons, the instant action under § 2254 is dismissed without prejudice to petitioner's right to file a future petition pursuant § 2254 after he fully exhausts his state court remedies.[3] The Clerk of the Court is instructed to enter judgment accordingly and close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED

_____
JOSEPH F. BIANCO
United States District Judge

Date: March 1, 2013
Central Islip, NY

\* \* \*

Petitioner is proceeding *pro se*. Respondent is represented on behalf of Thomas J. Spota, District Attorney of Suffolk County by: Michael Herman Blakey, Esq., District Attorney's Office of Suffolk County, Criminal Court Building, 200 Center Drive, Riverhead, New York, 11901.

---

[3] The Court notes that the dismissal of this petition will not unduly prejudice petitioner because, based upon the information set forth in his petition, it appears that he will have ample opportunity to file timely a § 2254 habeas petition setting forth his claims once he has exhausted his state-court remedies. *See Rhines v. Weber,* 544 U.S. 269, 276-78 (2005). Moreover, since his petition is being denied without prejudice for failure to exhaust state remedies, a future petition after exhaustion of such remedies would not be considered "second or successive." *See Camarano v. Irvin*, 98 F.3d 44, 46 (2d Cir. 1996).